UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-60445-MC-HUCK

In re Letter of Request from the District of
Rhein-Necker-Kreis, Amtsgericht Sinsheim,
Germany; Matter of Curtiss Joseph Hika, 1980
N.W. 1st Avenue, Boca Raton, Florida 33432
and/or 17917 49th Street, North Loxahatchee,
Florida 33470-3577

_____/

## ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

This cause is before the Court on the United States of America's Application for Order Pursuant to Title 28, United States Code, Section 1782 (Doc. 1), filed March 25, 2010. The United States seeks an order appointing Marilynn K. Lindsey, Assistant United States Attorney, as a commissioner of this Court to facilitate obtaining a DNA sample from Curtiss Joseph Hika in connection with a paternity proceeding in the Local Court of Sinsheim, Germany. The application was based on a letter from the German court to the U.S. Department of Justice, dated December 18, 2008, seeking judicial assistance with the paternity proceeding. *See* Exhibit A to Application for Order.

28 U.S.C. § 1782 authorizes a district court to order the production of evidence for use in a foreign tribunal. A district court may grant an application for judicial assistance if the following statutory requirements are met:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (quoting 28 U.S.C. § 1782(a)).

Here, all four statutory requirements of § 1782 are met. First, the request was made by a court in Germany, through the United States Attorney's Office. Second, the request seeks evidence, i.e., a DNA sample. Third, the evidence is for use in a proceeding before the German

court. Finally, Hika resides in either Loxahatchee or Boca Raton, FL, both of which are in the Southern District of Florida.

Even when the statutory requirements of § 1782 have been satisfied, however, the Court is not required to grant the discovery application. The Court may exercise its discretion after considering the following factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

*In re Clerici*, 481 F.3d at 1334 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

Here, the four factors weigh in favor of granting the Government's application. As to the first factor, Hika is in the United States, so the German court cannot enforce an order against him directly. As to the second factor, there is nothing in the record to suggest that the Court should decline to grant the application based on the nature of the German court or the character of the proceedings. On the other hand, it is clear that the German court will be receptive to this Court's assistance, given that the German court itself requested the assistance. As to the third factor, there is nothing in the record to suggest that the German court is attempting to circumvent foreign proof-gathering restrictions. Finally, as to the fourth factor, several courts have found that providing a blood or DNA sample is not unduly intrusive. *See In re Letter of Request from Dist. Court Stara Lubovna*, No. 09-mc-20-34, 2009 WL 3711924, at *3 (M.D. Fla. Nov. 5, 2009) (finding that providing a blood or DNA sample is not unduly intrusive); *In re Letter Rogatory from Nedenes Dist. Court, Norway*, 216 F.R.D. 277, 280 (S.D.N.Y. 2003) (granting request for blood sample for use in paternity action); *In re Letter Rogatory from Local Court of Ludwigsburg, Fed. Republic of Germany*, 154 F.R.D. 196, 202 (N.D. Ill. 1994) (granting a German court's request for blood sample for use in paternity action); *In re Letter of Request from Boras Dist. Court, Sweden*, 153 F.R.D. 31 (E.D.N.Y. 1994); *In re Letter of Request from Local*

*Court of Pforzheim, Div. AV, Fed. Republic of Germancy*, 130 F.R.D. 363 (W.D. Mich. 1989). The Court agrees that providing a DNA sample is not unduly intrusive.[1]

Having found that all of the statutory requirements of 28 U.S.C. § 1782 are met, and that none of the discretionary factors weighs against the discovery request, the Court exercises its discretion to permit the request. Accordingly, it is hereby

ORDERED that the Application for Order Pursuant to Title 28, United States Code, Section 1782 (Doc. 1) is GRANTED. Marilynn K. Lindsey, Assistant United States Attorney, is appointed as a Commissioner of this Court to take such steps as are necessary to obtain a DNA sample from Curtiss Joseph Hika in conformity with the German court's letter of request.

DONE AND ORDERED in Chambers, Miami, Florida, April 23, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of Record

---

[1] The Court also notes that Hika could have prevented the need for a DNA test. The letter from the German court stated that the test could be waived if Hika acknowledged paternity. According to the Government, Hika previously agreed to sign an acknowledgement of paternity and forego the need for DNA testing, but now he refuses to do so.